value is defined in section 402 (c) of the Tariff Act of 1930, as amended, was no higher.

I make the following conclusions of law:

1. That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved.

2. That such values are $8 per carton, less 2 per centum, packed, for the El Pais cooking chocolate, and $10.50 per carton, less 2 per centum, packed, for the Ambrosia cooking chocolate.

Judgment will be rendered accordingly.

## H. Kuri v. United States

No. 7858.

Entry No. 737812.

(Decided August 7, 1950)

Plaintiff not represented by counsel.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

Lawrence, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of this appeal are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by this appeal was illegal, null, and void, and that the appraiser's original return of value, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

## Rohner, Gehrig & Company, Inc. v. United States

No. 7859.

Entry No. 702615.

(Decided August 10, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of this appeal are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by this appeal was illegal, null, and void, and that the appraiser's original return of value, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

HENSEL, BRUCKMANN & LORBACHER, INC. *v.* UNITED STATES

**No. 7860**
Entry No. 718172, etc.

(Decided August 10, 1950)

*Eugene R. Pickrell* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED by and between the attorneys for the respective parties herein, subject to the approval of the Court, that

1. The merchandise which is the subject of the appeals for reappraisement listed above, was exported from Germany within the period covered by the decision of the United States Customs Court in the appeals for reappraisement entitled *United States* v. *Nicholas Gal, et al.*, decided in Reappraisement Decision No. 6192, reported in 15 U. S. Customs Court Reports 395, and is in all material respects similar to that covered by the said decided appeals for reappraisement.

2. Subject to the approval of the Court, the record in the case of *United States* v. *Nicholas Gal, et al.*, Reappraisement Decision No. 6192, be and the same is hereby incorporated herein and made a part of this record.

3. Merchandise such as or similar to that covered by the above appeals for reappraisement was not sold or freely offered for sale for home consumption in